UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEO-LOGIC ASSOCIATES, INC., | Case No. 3:17-cv-00563-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| METAL RECOVERY SOLUTIONS INC., *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

On January 6, 2020, the Court affirmed the arbitration award issued in September 2019 in favor of Plaintiff Geo-Logic Associates, Inc. ("GLA"). (ECF No. 5.) Defendant Metal Recovery Solutions, Inc. ("MRS") waited until February 4, 2020, to file an emergency motion to stay execution of judgment pending appeal ("Motion").[1] (ECF No. 59.)[2] For the reasons discussed below, the Court denies the Motion.

**II.    BACKGROUND**

This action stems from the parties' dispute relating to contracts for engineering and technical services in connection with the mining of precious metals. The relevant background is summarized in the Court's January 6, 2020, order. (ECF No. 57 at 2–3.)

On January 6, 2020, judgment was entered in favor of GLA in the amount of $2,037,586.00 plus prejudgment interest. (ECF No. 58.) On February 4, 2020, MRS filed

---

[1] The Court has reviewed Plaintiff's response (ECF Nos. 75, 77 (sealed)) and Defendant's reply (ECF Nos. 79, 83 (sealed)).

[2] MRS and GLA have separately moved to seal certain portions of the Motion, the response to the Motion, the response to MRS's other emergency motion to stay, and the reply in support of the Motion. (ECF Nos. 60, 66, 76, 80.) This Court has previously sealed similar exhibits for both parties in this case. (ECF Nos. 55, 56.) The same reasoning applies here. Therefore, MRS's and GLA's motions to seal (ECF Nos. 60, 66. 76, 80) are granted.

1 a notice of appeal (ECF No. 63) and the Motion, asking the Court to stay execution of the
2 judgment pending its appeal (ECF No. 59).

**III.    LEGAL STANDARD**

Fed. R. Civ. P. 62(b) provides that after judgment is entered, "a party may obtain a stay by providing a bond or other security."[3] Fed. R. Civ. P. 62(b). Supersedeas bonds are meant "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). However, a district court has "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). The burden is on "the moving party to objectively demonstrate the reasons for such a departure." *Poplar*, 600 F.2d at 1191. "Courts that have examined this question have held that a waiver should be granted only if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Quiroz v. Dickerson*, No. 3:10-cv-00657-LRH-WGC, 2013 WL 5947459, at *1 (D. Nev. Nov. 1, 2013) (internal quotation marks omitted).

**IV.    DISCUSSION**

MRS asks the Court to depart from Rule 62(b)'s bond requirement, citing its current liquid asset—that it only has approximately $202,227.00 in its bank account. (ECF No. 61 at 4; ECF No. 61-1 at 4.)[4] MRS asks the Court to instead accept its stipulation to paragraph 1 of the preliminary injunction order previously proposed in GLA's motion for preliminary injunction as a form of alternate security. (ECF No. 61 at 6; ECF No. 47-3 at 2.) GLA responds that it will be prejudiced unless MRS posts a full bond. (ECF No. 77 at

---

[3]Rule 62(b) was amended in 2018 and the "new rule's text makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendment.

[4]While MRS provided tables summarizing its finances since October 2016, it notably does not include information on any assets it owns that could be used as an alternate form of security. (ECF No. 61-2.)

2

3.) Specifically, GLA argues that MRS's proposed alternate security is "not security at all" and is "insufficient to protect GLA's interests." (*Id.* at 6 (internal quotations marks omitted).) The Court agrees with GLA.

MRS's proposed alternate security enjoins MRS, Dr. Thom Seal, and Jette Seal from transferring any money or assets from MRS over $1000 without first obtaining court approval. (ECF No. 59-4 at 1–2.) MRS contends that because GLA previously maintained that such an order was necessary to preserve GLA's interests, this order "adequately protect[s] GLA's judgment interests while maintaining the status quo . . .." (ECF No. 61 at 6.) But GLA's interests and the status quo have changed such that the previously proposed protection is no longer sufficient to protect GLA's interests.

Since GLA moved for a preliminary injunction, this Court has confirmed the arbitration award and the Clerk of the Court has entered judgment in GLA's favor in the amount of $2,037,586.00 plus prejudgment interest accruing from September 13, 2017. (ECF Nos. 57, 58.) Accordingly, GLA's interests, and the status quo, now include GLA's right to the money judgment granted by the Court. However, MRS's proposed order does little to protect GLA's current interests. At best, it protects only $202,227.00 of the more than $2,000,000.00 of the judgment. But given Dr. Seal's statements that MRS needs this money to front expenses for the purposes of entering into or performing other contracts (ECF No. 61-1 at 2), there is no guarantee that even this amount would be available to GLA if it prevailed on appeal. As such, the Court finds MRS fails to establish that its proposed alternate security would not unduly endanger GLA's interest in ultimate recovery.

In sum, even assuming the grounds for a stay can be satisfied,[5] the Court finds that MRS has failed to establish that a stay should be issued here without requiring MRS to post a bond. For this reason, the Court denies MRS's Motion.

---

[5]Because of the Court's finding that MRS cannot seek to stay execution of judgment pending appeal without posting adequate security, the Court does not address whether MRS can meet the five-factor test articulated in *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant Metal Recovery Solutions, Inc.'s emergency motion to stay execution of judgment pending appeal (ECF No. 59) is denied.

It is further ordered that the various motions to seal (ECF Nos. 60, 66. 76, 80) are granted.

DATED THIS 13th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE